622 So.2d 272 (1993)
In the Matter of RECOVERY I, INC.
No. 92 CM 2352.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Opinion on Denial of Rehearing August 31, 1993.
*273 Daria Burgess-Diaz, New Orleans, for appellant Vietnamese-American Voter's Assoc., the Village de L'Est Homeowners Assoc., the La. Environ. Action Network, etc.
Meredith Lieux, Office Of Legal Affairs and Enforcement, Baton Rouge, for appellee State of La. thru the Dept. of Environmental Quality.
Gerald L. Walter, Jr., Baton Rouge, for appellee.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
This Motion to Dismiss Appeal has been brought by Recovery I, Inc. (Recovery I), a landfill operator, against the intervenors[1] in this case, represented by the Tulane Environmental Law Clinic (Tulane). Recovery I asserts that the compromise agreement entered into by the City of New Orleans (City), itself as the City's landfill operator, and the Louisiana Department of Environmental Quality (DEQ) in settlement of a compliance order action against the City and Recovery I, is not a final decision or order that is subject to appeal pursuant to La.R.S. 30:2024(C) by Tulane. Recovery I takes the position that all settlement agreements entered into by DEQ are unreviewable in any court, such that DEQ has unfettered discretion to determine the reasonableness of its own actions. We disagree.

FACTS
For purposes of this motion, the facts are undisputed.
Pursuant to a contract between the City and Recovery I executed in 1974, Recovery I began construction and operation of a waste recovery and landfill operation known as Recovery I. This facility was constructed on property owned by the City. In 1986, DEQ issued a permit to Recovery I for the operation of the waste recovery and landfill facility. Both the permit and contract between the City and Recovery I were set to expire on October 17, 1988.
In June, 1988, the City decided that it would not renew its contract with Recovery I, and instead considered whether to operate the landfill alone, or at all. Subsequently, and as a result of an order of DEQ, the landfill's closure was deferred.
*274 The City and DEQ thereafter exchanged various proposals for the operation and closure of the landfill. Based upon various agreements reached after the end of its operations, it was the position of Recovery I that the City assumed all obligations toward the landfill insofar as DEQ was concerned, foremost among them the responsibility for closing the site.
However, when the City and DEQ failed to make arrangements for the continued operation and eventual closure of the landfill, DEQ issued compliance order No. SC-90-0085 to Recovery I in April, 1990. In the order, DEQ took the position that Recovery I, as the former permit holder, had the responsibility to close the site. The order required Recovery I to submit a closure plan within 30 days and to close the site within one year of adopting the plan.
But, as stated above, Recovery I believed, because of the agreements entered into between DEQ and the City, that closing the landfill was the City's responsibility. Therefore, Recovery I requested a hearing on the compliance order. Tulane Environmental Law Clinic then intervened on behalf of its clients.
The City, DEQ and Recovery I reached a settlement concerning the landfill and the compliance order, after negotiations among themselves, whereby the landfill would be reopened and operated by Recovery I for a period of 3 years during which time the site would be orderly and properly closed. The settlement agreement was finalized and a public notice of the settlement was issued. Tulane opposed the settlement. DEQ accepted public comments for a period of 30 days, following which it approved the agreement. The agreement fully compromised all issues included in the compliance order and specifically addressed who would be responsible for closing the site. As a result of the settlement, no hearing was held concerning the violations alleged in the compliance order.
On June 5, 1992, the Secretary of DEQ, Kai Midboe, signed the settlement agreement. Thereafter, Tulane filed an application for appeal from the settlement agreement with DEQ. Recovery I submitted a memorandum in opposition to Tulane's appeal application, taking the position that the settlement did not constitute "a final decision or order of the secretary" and thus, was not appealable under La.R.S. 30:2024(C). The administrative law judge issued an order requiring Tulane to show cause why their application for appeal should not be dismissed. After the hearing, the judge concluded that no right of appeal existed and dismissed Tulane's application for appeal.
From this Court, Tulane sought and received, via an application for supervisory writs, an order vacating the order of dismissal. In the Matter of Recovery I, Inc., No. 92 CW 1861 (La.App. 1st Cir. November 20, 1992). Therein this Court stated:
If there are any objections to be made concerning the propriety of the appeal of this matter to this Court, they may be made through motions to dismiss the appeal filed in this Court.
This motion to dismiss the appeal followed.

DISCUSSION
Recovery I argues that the compromise or settlement agreement signed by DEQ, pursuant to its authority under La. R.S. 30:2025(H),[2] is not "a final decision or order of the secretary" subject to appeal by an aggrieved person for purposes of La. R.S. 30:2024(C).[3] Recovery I argues that the phrase "final decision or order" is defined by reference to Rule 7 of the Environmental *275 Control Commission, article 3077 of the Louisiana Civil Code, and section 951(3) of the Louisiana Administrative Procedure Act, La.R.S. 49:951(3).
Tulane asserts that the phrase is controlled by none of these statutory sources because the terms, although undefined in section 2024, were defined by this Court in a decision entitled In the Matter of Marine Shale Processors, Inc., 563 So.2d 278 (La. App. 1st Cir.1990). Thus, Tulane argues, this Court has already construed the terms in the context of section 2024, and has previously rejected similar arguments, raised by DEQ in that case, that the above-mentioned statutory sources control the meaning of the phrase "final decision or order." We agree with Tulane.
This Court, in In the Matter of Marine Shale Processors, determined that the denial of an application for a DEQ variance was "a final decision or order" on grounds that DEQ's denial was an action taken only after a consideration of the merits of an application, which went far beyond the mere consideration of preliminary matters in the course of an action. 563 So.2d at 281. This conclusion was mandated by the fact that the nature of a variance was analogous to a license to violate the law which contained within it rights and obligations that were legally enforceable. Id.
DEQ instituted this proceeding by the issuance of compliance order No. SC-90-0085 in April, 1990. That proceeding has been brought to a conclusion by the execution of the settlement agreement to which DEQ is a party. This agreement contains legally enforceable rights and obligations applicable to the parties subject to the agreement. The only difference between this settlement agreement and the typical "final order" is that the terms of this settlement were agreed to. As such it is akin to a consent decree. This settlement agreement determined the merits of the controversy between the parties and thus is also akin to a final judgment. See La.Code Civ.P. art. 1841. Regardless of what this agreement is called, the result reached is "a final decision or order" of the secretary.
We can reach no other conclusion than that a settlement agreement is a final decision or order of the DEQ which is subject to appeal by an aggrieved person under La.R.S. 30:2024(C), and that Recovery I, Inc.'s Motion to Dismiss Appeal must be denied at its costs.
MOTION DENIED.

ON REHEARING
PER CURIAM.
Inadvertently we failed to mention a motion to dismiss appeal in our original opinion filed by the Louisiana Department of Environmental Quality based generally on the same grounds as the motion to dismiss appeal filed by Recovery.
Therefore, for the reasons assigned in the original opinion, this rehearing application is denied.
REHEARING DENIED.
NOTES
[1] Intervenors are a group of sixteen civic and environmental groups, the Vietnamese-American Voters Association, Village de L'Est Homeowners Association, Louisiana Environmental Action Network, Southern Christian Leadership Conference, St. Bernard Citizens for Environmental Quality, Association of Community Organizations for Reform Now, Gulf Coast Tenants Organization, St. Bernard Sportsmen's League, Women for a Better Louisiana, Louisiana Wildlife Federation, Friends of the Lake, Orleans Audubon Society, League of Women Voters of New Orleans, Delta Greens, Versailles Arms Residents Advisory Council, and Citizen Action of Louisiana, all hereinafter referred to singly as Tulane.
[2] Unaffected, for purposes of this motion, by the amendment to this section enacted in Acts 1992, No. 965, section 1, effective August 21, 1992 per section 2 of Act 965. The pertinent portion of section 2025(H) reads:

[T]he commission or secretary ... may settle or resolve as deemed advantageous to the state any suits, disputes, or claims for any penalty under any provision of this Subtitle or the regulations or permit or license terms and conditions applicable thereto. (Emphasis added)
[3] The pertinent portions of section 2024(C) read:

Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit ... Any preliminary, procedural, or intermediate ruling or decision by the secretary is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana.... (Emphasis added).