JONES, Judge,
dissenting.
This litigation is an action to enforce the provisions of the Public Bid Law, not an action challenging a decision or order of the Secretary of Department of Environmental Quality (DEQ). The gravamen of the plaintiffs complaint against the City of New Orleans is that the City violated the provisions of the Home Rule Charter of the City of New Orleans and the public bid laws of this State *252 when it negotiated a new contract with Recovery I, Inc.
The facts of this case differ substantially from the facts in Matter of Recovery I, Inc., 622 So.2d 272 (La.App. 1st Cir.1993). In this case, the plaintiff, Browning-Ferris alleges that the contract between the City and Recovery I, Inc. violates the provisions of the public bid laws of this State and the provisions of the Home Rule Charter of the City of New Orleans. Browning-Ferris was not a party to the contract which is being challenged. Nor did Browning-Ferris participate in the proceedings which led to the effectuation of the contract which allegedly violated the public bid laws of the State and the Home Rule Charter for the City of New Orleans. In Matter of Recovery, Inc., supra, intervenors, the Tulane Environmental Law Clinic (Tulane) opposed the settlement agreement which is the subject of this litigation. However, after accepting public comments for a period of 30 days, DEQ approved the agreement. Ironically, when Tulane filed an application for appeal of the matter, both Recovery, Inc. and DEQ filed motions to dismiss the appeal arguing that the settlement was not a final decision or order that was subject to appeal pursuant to La.R.S. 30:2024(C). Citing La.C.C.P. art. 1841, the First Circuit rejected this argument and found that the agreement between the parties was akin to a consent decree and that since it determined the merits of the controversy between the parties, it was “akin to a final judgment.” Id. at 275. However, in the present case, it is the agreement which gives rise to the controversy which now exists between Browning-Ferris, Recovery I, Inc. and the City. No final judgment has been rendered to address the issue of whether the agreement which allegedly settled the difference between DEQ, the City, and Recovery I, Inc. violated the provisions of the Home Rule Charter for the City of New Orleans and/or the public bid laws of the State of Louisiana.
The provisions of La.R.S. 30:2024 regulate the jurisdiction of the Court of Appeal for the First Circuit in certain environmental actions. I find nothing in Title 30 which allows the Secretary of DEQ to exercise subject matter jurisdiction over legal matters which are unrelated to environmental issues. For this reason, no basis existed for Browning-Ferris to present its allegations of violations of the Public Bid Law to the Secretary of DEQ. Further, I know of no authority to support the proposition that the First Circuit Court of Appeal has exclusive jurisdiction to determine whether an agreement between the City of New Orleans and other parties violates the Home Rule Charter of the City of New Orleans and the public bid laws of this State. Trial of this matter was correctly instituted in the Civil District Court for the Parish of Orleans and this court has the authority to entertain this appeal.
Admittedly, should the plaintiffs eventually prevail, the compromise agreement is subject to being nullified. However, since the issues raised in this litigation could not have been decided by the Secretary of DEQ, I do not see this as a prohibited collateral attack.
For this reason, I do not subscribe to the view that the Court of Appeal for the First Circuit has exclusive jurisdiction over the subject matter of this case. Accordingly, I dissent.